# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 13-20075-01-KHV |
| CHUKWUDI JOHN CHUKWUMAH, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## **ORDER**

This matter is before the Court on <u>Defendant's Motion For Extension Of Time To File Pretrial Motions, Witness List, Exhibit List And Trial Setting And For Designation Of Excludable Time</u> (Doc. #50) filed April 21, 2014. Defendant seeks a three-month continuance of trial, which was set for May 19, 2014. For reasons stated below, the Court overrules defendant's motion.

On June 14, 2013, the government filed a criminal complaint which charged defendant with conspiracy to transport stolen computer equipment and electronics in interstate commerce. On July 10, 2013, a grand jury returned an indictment which included the same charge. On October 8, 2013, the Court held a status conference and set this matter for trial on February 24, 2014. <u>See</u> <u>Pretrial Order No. 2</u> (Doc. #29) filed October 10, 2013. The Court noted in that order as follows:

> This is a firm trial setting. Absent a showing of truly extraordinary circumstances, no continuances will be granted. If defendant decides to change his or her plea pursuant to Fed. R. Crim. P. 11(b), or if fewer trial days than noted above will be needed, counsel must *immediately* contact the courtroom deputy clerk for the presiding judge so the allocated trial time may be made available for another case.

<u>Id.</u> at 2-3.

On December 9, 2013, Obinna Achonu filed a motion to continue the status conference because new counsel needed additional time to review the discovery, analyze the charges, and confer with defendant in order to resolve this case without the necessity of a trial. <u>See</u> <u>Motion Of</u>

Defendant Obinna Achonu For Continuance Of Trial Setting, With Suggestions In Support (Doc. #32). The Court granted the motion to continue, set a deadline for pretrial motions of February 24, 2014 and re-set trial for both defendants for May 12, 2014. See Order (Doc. #34). On February 25, 2014, Achonu filed a motion to continue the pretrial motions deadline to March 10, 2014 because counsel needed additional time to finalize negotiations with government counsel about a possible plea. See Motion Of Defendant Obinna Achonu For Continuance Of Motion Deadline And request To File Out Of Time, With Suggestions In Support (Doc. #35). In that motion, Achonu did not seek a continuance of trial. The Court granted defendant's motion and re-set the motions deadline to March 10, 2014. See Order (Doc. #36). In the order which granted defendant's motion to continue the motions deadline, the Court again noted the trial date of May 12, 2014 and noted as follows:

> [T]his is a firm trial setting. Absent a showing of truly extraordinary circumstances, no continuances will be granted. If defendant decides to change his or her plea pursuant to Fed. R. Crim. P. 11(b), or if fewer trial days than noted above will be needed, counsel must *immediately* contact the courtroom deputy clerk for the presiding judge so the allocated trial time may be made available for another case.

Id.

On April 11, 2014, Chukwumah filed a motion for a 60-day extension of trial. On April 14, 2014, the Court overruled defendant's motion to continue trial. See Order (Doc. #43). In the order overruling defendant's motion for continuance, the Court stated as follows:

> Chukwumah has not shown that the ends of justice require an extension of the trial date. Defendant proposes a trial date some 12 months after the grand jury returned the indictment, well beyond the 70-day period set forth in the Speedy Trial Act. Defendant does not explain what issues have arisen which he could not have reasonably anticipated before now. See Pretrial Order No. 1 (Doc. #16) at (court will "closely scrutinize any subsequent motions to extend Speedy Trial Act deadlines to determine whether they raise issues which should have been reasonably anticipated before the status conference"). Defendant certainly has not shown "truly extraordinary circumstances" which would justify a continuance of trial. Pretrial Order No. 2 (Doc. #29) at 2; Order (Doc. #36) at 1. In the last 18 months, at the

>     request of the criminal bar, the Court adopted a new docketing procedure to
>     eliminate rolling dockets and establish firm trial dates. Defense counsel does not
>     explain why she cannot complete negotiations and/or prepare for trial on May 12,
>     2014. Furthermore, defense counsel cites no circumstances which require a 60-day
>     delay of trial.

See id. at 3-4 (footnote omitted).

On April 21, 2014, the same day as the deadline for any pleas of guilty pursuant to a plea agreement, defense counsel filed a motion to withdraw, and new counsel entered an appearance. See Motion To Withdraw (Doc. #51); Entry of Appearance (Doc. #49). On April 28, 2014, because defendant did not show good cause for substitution of counsel, the Court overruled counsel's motion to withdraw.

In determining whether to grant an extension of time, the Court considers whether the ends of justice served by granting an extension outweigh the best interests of the public and defendants in a speedy trial. United States v. Toombs, 574 F.3d 1262, 1268 (10th Cir. 2009). In doing so, the Court must consider (among others) the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant

-3-

or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

The Tenth Circuit has held that the ends-of-justice provision should be a rarely used tool for those cases demanding more flexible treatment. Toombs, 574 F.3d at 1269. Chukwumah has not shown that the ends of justice require an extension of the trial date. Defendant proposes a trial date some 13 months after the grand jury returned the indictment, well beyond the 70-day period set forth in the Speedy Trial Act. In light of the Court's ruling on counsel's motion to withdraw and the circumstances set forth at that hearing, defendant has not shown why he and counsel cannot adequately prepare for trial on May 19, 2014. Defendant certainly has not shown "truly extraordinary circumstances" which would justify a continuance of trial. Pretrial Order No. 2 (Doc. #29) at 2; Order (Doc. #36) at 1. Accordingly, the Court overrules defendant's motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion For Extension Of Time To File Pretrial Motions, Witness List, Exhibit List And Trial Setting And For Designation Of Excludable Time (Doc. #50) filed April 21, 2014 be and hereby is **OVERRULED.**

Dated this 1st day of May, 2014 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
Kathryn H. Vratil  
United States District Judge
